IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31283
Summary Calendar
_____


SCOTT FALLO; KASEY FALLO,

                                        Plaintiffs-Appellants,

versus

PICCADILLY CAFETERIAS, INC.; ET AL.,

                                        Defendants,

PICCADILLY CAFETERIAS, INC.,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
(94-CV-907-M)
--------------------
May 1, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Plaintiffs-Appellants Scott and Kasey Fallo appeal the district court's order denying their motion for attorney's fees and costs incurred in the instant Employment Retirement Income Security Act (ERISA) suit.  The Fallos argue that the district court abused its discretion in denying the motion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court, by adopting the magistrate judge's report and recommendation, determined that an award was unwarranted because, although Piccadilly had the ability to satisfy such an award, there was no indication that Piccadilly had acted in bad faith, that an award in the instant case would have a deterrent effect, and that the instant suit would benefit all participants of an ERISA plan or would resolve a significant ERISA question. The district court also reasoned that Piccadilly's legal position was not so disproportionately meritless as to justify an award. After reviewing the record and the briefs of the parties, we cannot say that these findings are clearly erroneous or that they represent an abuse of discretion. See Ramsey v. Colonial Life Ins. Co. of America, 12 F.3d 472, 480 (5th Cir. 1994). Accordingly, the district court's order denying the Fallos' motion for attorney's fees and costs is AFFIRMED. See id.; Harms v. Cavenham Forest Industries, Inc., 984 F.2d 686, 694 (5th Cir. 1993).

AFFIRMED.